## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| **BERNARD L. BEAUREGARD,** | |
| **DONALD L. and LINDA A. PELTIER:** | **C.A. 08-1859** |
| **Plaintiffs,** : | |
| : | **(Originally C.A. 08-023 (RI))** |
| **VS.** : | |
| : | **Transferred to Judge Aspen for** |
| **AMERIQUEST MORTGAGE** : | **Pretrial Proceedings under MDL** |
| **COMPANY, DEUTSCHE BANK** : | **# 1715, Lead Case C.A. 05-07097** |
| **NATIONAL TRUST COMPANY,** : | |
| **N.A., as Trustee of AMERIQUEST** : | |
| **MORTGAGE SECURITIES, INC.,** : | |
| **Asset Backed Pass Through** : | |
| **Certificates Series 2004-R1, Under** : | |
| **the Pooling and Servicing Agreement** : | |
| **Without Recourse, AMC** : | |
| **MORTGAGE SERVICES, INC.,** : | |
| **GENERAL MOTORS ACCEPTANCE** : | |
| **CORPORATION (GMAC),** : | |
| **and DOES 1-5** : | |
| : | |
| **Defendants** : | |

## AMENDED COMPLAINT

### INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337

(interstate commerce).

    3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS

### Facts Pertaining to Plaintiff Bernard L. Beauregard

    4. Plaintiff Bernard L. Beauregard resides at 1137 Logee St., Woonsocket, RI 02895.

    5. On or about November 20, 2003 Plaintiff Bernard L. Beauregard and his co-borrower Jean T. Morin obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

    6. In connection with the transaction, Plaintiff Beauregard received or signed the following documents:

        1. A note in the principal amount of $131,250;

        2. A mortgage;

        3. A Truth in Lending statement;

        4. A notice of right to cancel, attached as Exhibit 1;

        5. A One Week Cancellation Period form; attached as Exhibit 2; and

        6. A HUD-1 Settlement Statement.

    7. On or about January 4, 2008 Plaintiff Beauregard exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

### Facts Pertaining to Plaintiffs Donald L. and Linda A. Peltier

8. Plaintiffs Donald L. and Linda A. Peltier reside at 42-44 Pullen Avenue, Pawtucket, RI 02860.

9. On or about May 4, 2005 Plaintiffs Donald L. and Linda A. Peltier obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

10. In connection with the transaction, Plaintiffs Donald L. and Linda A. Peltier received or signed the following documents:
   1. A note in the principal amount of 271,000;
   2. A mortgage;
   3. A Truth in Lending statement;
   4. Notices of right to cancel, attached as <u>Exhibit 4 and 5</u>;
   5. A One Week Cancellation Period form; attached as <u>Exhibit 6</u>; and
   6. A HUD-1 Settlement Statement.

11. On or about January 4, 2008 Plaintiffs Donald L. and Linda A. Peltier exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 7</u>.


### DEFENDANTS

12. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

13. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

3

14. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

15. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

16. Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Rhode Island. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

17. Defendant AMC Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

18. Defendant Deutsche Bank National Trust Company, N.A., is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. On information and belief, it holds legal title to Plaintiff Bernard L. Beauregard's loan as trustee. It is joined as a necessary and indispensable party.

19. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Rhode Island. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including Plaintiff Bernard L. Beauregard. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

20. Defendant General Motors Acceptance Corporation (GMAC) is a foreign corporation with its principal place of business located at 200 Renaissance Center, 482 B12 C82, Detroit, MI 48265. Upon information and belief that it holds legal title to Plaintiffs Donald L. and Linda A. Peltier's loan originated by Ameriquest. It is joined as a necessary and indispensable party.

4

## COUNT I - TRUTH IN LENDING ACT

21. Plaintiffs incorporate ¶¶ 1-20 as if fully set out herein.

22. Because the refinance transactions referenced herein were secured by Plaintiffs'

home, and were not entered into for purposes of the initial acquisition or construction of that

home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and Regulation Z, 12

C.F.R. §226.23. More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

23. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in

Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission

right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to

rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R.

§ 226.23(b)(1) the borrower's rescission rights.  More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
> **(ii) The consumer's right to rescind the transaction.**
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
> **(iv) The effects of rescission, as described in paragraph (d) of this section.**

**(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

## DEFECTIVE NATURE OF DISCLOSURES

24.  In connection with the Plaintiffs' loans, Ameriquest Mortgage Company failed to provide the required disclosures of the Plaintiffs' right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. §226.23 for (without limitation) the following reasons:

### Incomplete Notices

25.  The Defendant Ameriquest Mortgage failed to deliver to each person entitled to rescind the above referenced loans two copies of a document that **"clearly and conspicuously disclose the borrower's rescission rights"** in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23.

26.  By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give to the Plaintiffs ***"clear and conspicuous"*** notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

27.  Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

### One Week" Form

28.  The One Week Cancellation Period form provided to the Plaintiffs by the Defendant Ameriquest (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is

purely contractual without benefit of the TILA damages and protections of § 1635.

29.  The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time.

30.  Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

31.  The provision of two inconsistent and confusing notices to cancel violates the "**clear and conspicuous**" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

32.  15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants as follows:

1.  A declaration that Plaintiffs are entitled to rescind;

2.  Rescission of the loans;

3.  Statutory damages;

4.  Attorney's fees, litigation expenses and costs.

5.  Such other relief as the Court deems appropriate.

Respectfully submitted,

/s/Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.

P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
chris@lefebvrelaw.com

**JURY DEMAND**

Plaintiffs demand trial by jury

/s/Christopher M. Lefebvre

# EXHIBIT 1

## NOTICE OF RIGHT TO CANCEL

LENDER:   Ameriquest Mortgage Company

DATE:  November 20, 2003
LOAN NO.:   0063472963 - 5782
TYPE:   ADJUSTABLE RATE

BORROWER(S): BERNARD L. BEAUREGARD        JEAN T. MORIN

ADDRESS:        1137 LOGEE STREET
CITY/STATE/ZIP:   Woonsocket,RI 02895

PROPERTY:   1137 LOGEE STREET
                    Woonsocket, RI  02895

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1.   The date of the transaction, which is

ENTER DOCUMENT SIGNING DATE

_____   ;

or
2.   The date you received your Truth in Lending disclosures;
      or
3.   The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**HOW TO CANCEL**
If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1100 Town and Country Road, Suite 200**
**Orange, CA 92868**

ATTN:  **FUNDING**
PHONE: **(714)541-9960**
FAX:     **(800)664-2256**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

ENTER FINAL DATE TO CANCEL

_____

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____
SIGNATURE                                              DATE

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

_____        _____        _____        _____
BORROWER/OWNER BERNARD L. BEAUREGARD   Date        BORROWER/OWNER JEAN T. MORIN            Date

_____        _____        _____        _____
BORROWER/OWNER                          Date        BORROWER/OWNER                          Date

1064-NRC (Rev 11/03)

**BORROWER COPY**

11/20/2003 5:27:10 PM

EXHIBIT   2

# ONE WEEK CANCELLATION PERIOD

Loan Number: 0063472963 - 5782

Date: November 20, 2003

Borrower(s): BERNARD L. BEAUREGARD

JEAN T. MORIN

**You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you.** No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

Ameriquest Mortgage Company

1100 Town and Country Road, Suite 200   Orange, CA 92868

ATTN: Funding Department

Phone: (714)541-9960

Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

Borrower/Owner  BERNARD L. BEAUREGARD _____   Date _____

Borrower/Owner  JEAN T. MORIN _____   Date _____

Borrower/Owner _____   Date _____

Borrower/Owner _____   Date _____

| REQUEST TO CANCEL |
|---|
| I/We want to cancel loan #_____. |
| Borrower/Owner Signature _____   Date _____ |

## BORROWER COPY

11/20/2003 5:27:10 PM

850 (10/00)

# EXHIBIT 3



**FAMILY AND CONSUMER LAW CENTER**

*WWW.RICONSUMERLAW.COM*

CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.

*ATTORNEYS & COUNSELORS AT LAW*

January 4, 2008

Ameriquest Mortgage Company
1100 Town and Country Road
Suite 1200
Orange, CA 92868

**Re: Notice of Rescission by Bernard L. Beauregard, 1137 Logee Street, Woonsocket, RI 02895, Loan Number: 0063472963-5782, Closing Date 11/20/2003.**

To Whom It May Concern:

I represent Bernard L. Beauregard concerning the mortgage loan transaction he and his co-borrower Jean T. Morin entered into with Ameriquest Mortgage Company on November 20, 2003. Please be advised that I have been authorized by my client to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. Beauregard was given incomplete and therefore, inaccurate notices of his right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

The security interest held by Ameriquest Mortgage Company on Mr. Beauregard's property located at 1137 Logee Street, Woonsocket ,RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my client all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Bernard L. Beauregard,
By his Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

**CERTIFIED MAIL-RETURN
RECEIPT REQUESTED**

cc: Bernard L. Beauregard

*TWO DEXTER STREET, P.O. BOX 479   PAWTUCKET, RI 02862    PHONE: (401) 728-6060   FAX: (401) 728-6534*

# EXHIBIT 4

## NOTICE OF RIGHT TO CANCEL

LENDER:   Ameriquest Mortgage Company

DATE:  May 4, 2005
LOAN NO.:   0119558740 - 5782
TYPE:   ADJUSTABLE RATE

BORROWER(S): DONALD L. PELTIER      LINDA A. PELTIER

ADDRESS:      42-44 PULLEN AVE
CITY/STATE/ZIP:   PAWTUCKET,RI 02861

PROPERTY:   42-44 PULLEN AVE
            PAWTUCKET,  RI  02861

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1.   The date of the transaction, which is

| ENTER DOCUMENT SIGNING DATE |
|---|
| 5.4.05 |

;

    or
2.   The date you received your Truth in Lending disclosures;
    or
3.   The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1600 S Douglass Rd**
**Anaheim, CA 92806**

ATTN:  **FUNDING**
PHONE: (714)634-3494
FAX:     (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

| ENTER FINAL DATE TO CANCEL |
|---|
| 5.7.05 |

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.
**I WISH TO CANCEL**

_____
SIGNATURE                                              DATE

---

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

*Donald L. Peltier*                 5.4.05        *Linda A. Peltier*                 5.4.05
BORROWER/OWNER DONALD L. PELTIER   Date      BORROWER/OWNER LINDA A. PELTIER        Date

_____          _____
BORROWER/OWNER                     Date      BORROWER/OWNER                         Date


1064-NRC (Rev 11/03)
0000011955874004005010 1

**BORROWER COPY**

05/04/2005 7:05:54 AM

# EXHIBIT 5

## NOTICE OF RIGHT TO CANCEL

LENDER:   Ameriquest Mortgage Company

DATE: May 4, 2005
LOAN NO.:  0119558740 - 5782
TYPE:   ADJUSTABLE RATE

BORROWER(S): DONALD L. PELTIER        LINDA A. PELTIER

ADDRESS:        42-44 PULLEN AVE
CITY/STATE/ZIP:   PAWTUCKET,RI 02861

PROPERTY:   42-44 PULLEN AVE
                    PAWTUCKET,  RI  02861

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1.  The date of the transaction, which is

ENTER DOCUMENT SIGNING DATE

_____   ;

or
2.  The date you received your Truth in Lending disclosures;
or
3.  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

---

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**Ameriquest Mortgage Company**
**1600 S Douglass Rd**
**Anaheim, CA 92806**

ATTN:  **FUNDING**
PHONE: **(714)634-3494**
FAX:     **(800)664-2256**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

ENTER FINAL DATE TO CANCEL

_____

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I WISH TO CANCEL**

_____
SIGNATURE                                                   DATE

---

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

_____          _____
BORROWER/OWNER DONALD L. PELTIER       Date      BORROWER/OWNER LINDA A. PELTIER      Date

_____          _____
BORROWER/OWNER                               Date      BORROWER/OWNER                               Date

1064-NRC (Rev 11/03)
0000011855874004000050101

**BORROWER COPY**

05/04/2005 7:05:54 AM

# EXHIBIT 6

# ONE WEEK CANCELLATION PERIOD

Loan Number: 0119558740 - 5782

Borrower(s): DONALD L. PELTIER

Date: May 4, 2005

LINDA A. PELTIER

**You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason.** This right is described in the Notice of Right to Cancel you have received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, **we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you.** No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

> Ameriquest Mortgage Company
> 1600 S Douglass Rd Anaheim, CA 92806
> ATTN: Funding Department
> Phone: (714)541-9960
> Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_Donald L Peltier_

5.4.05

Borrower/Owner  DONALD L. PELTIER

Date

_Linda A. Peltier_

5.4.05

Borrower/Owner  LINDA A. PELTIER

Date

_____

_____

Borrower/Owner

Date

_____

_____

Borrower/Owner

Date

---

## REQUEST TO CANCEL

I/We want to cancel loan #_____.

_____

_____

Borrower/Owner Signature

Date



00000119558740040422010 1

05/04/2005 7:05:54 AM

**BORROWER COPY**

850 (10/00)

# EXHIBIT 7



FAMILY AND CONSUMER LAW CENTER

*WWW.RICONSUMERLAW.COM*
CLAUDE F. LEFEBVRE
CHRISTOPHER M. LEFEBVRE, P.C.
*ATTORNEYS & COUNSELORS AT LAW*

January 4, 2008

Ameriquest Mortgage Company
1100 Town and Country Road
Suite 1200
Orange, CA 92868

Re: Notice of Rescission by Donald L. Peltier and Linda A. Peltier, 42-44 Pullen Avenue, Pawtucket, RI 02861, Loan Number: 0119558740-5782, Closing Date: 05/04/2005.

To Whom It May Concern:

I represent Mr. Donald L. and Linda A Peltier concerning the mortgage loan transaction they entered into with Ameriquest Mortgage Company on May 4, 2005. Please be advised that I have been authorized by my clients to rescind that transaction and hereby exercise that right pursuant to the Federal Truth In Lending Act, 15 U.S.C. Section 1635 and Regulation Z, Section 226.23.

The primary basis for the rescission is that Mr. and Mrs. Peltier were given multiple confusing and incomplete and therefore, inaccurate notices of their right to cancel the above consumer credit contract, in violation of 15 U.S.C. Section 1635(a) and Regulation Z, Sections 226.17 and 226.23.

The security interest held by Ameriquest Mortgage Company on Mr. And Mrs. Peltier's property located at 42-44 Pullen Ave., Pawtucket ,RI is void as of this rescission. Pursuant to Regulation Z, you have twenty days after receipt of this Notice of Rescission to return to my clients all monies paid and to take action necessary and appropriate to terminate the security interest.

Very truly yours,
Donald L. and Linda A. Peltier,
By their Attorney,

Christopher M. Lefebvre
P. O. Box 479
Pawtucket, RI 02862

CERTIFIED MAIL-RETURN
RECEIPT REQUESTED

cc: Donald L. and Linda A. Peltier