- 1 -

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Bernard L. Beauregard, et al. v. Ameriquest Mortgage Company, et al.*; Case No. C.A. 08-1859 | |

## DEFENDANT AMC MORTGAGE SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant AMC MORTGAGE SERVICES, INC. ("Defendant"), by and through its attorneys, answers the Amended Complaint of Plaintiffs BERNARD L. BEAUREGARD, DONALD L. and LINDA A. PELTIER ("Plaintiffs") as follows.

## AMENDED COMPLAINT

## INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** **Defendant admits that Plaintiff has filed a lawsuit against Ameriquest. Defendant denies all remaining allegations in Paragraph 1. Defendant specifically denies that it violated the Truth in Lending Act and 15 U.S.C. § 1635 or any other law.**

- 2 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

**ANSWER:** **Defendant does not contest subject matter jurisdiction. Defendant denies the remaining allegations in the paragraph.**

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

**ANSWER:** **Defendant denies that venue is proper in the Northern District of Illinois pursuant to the Multi-District Litigation panel's Transfer Order based on Federal and State Constitutional grounds, including but not limited to Due Process and Equal Protection under the law. Defendant denies any remaining allegations in the paragraph.**

## PARTIES AND FACTS

### Facts Pertaining to Plaintiff Bernard L. Beauregard

4. Plaintiff Bernard L. Beauregard resides at 1137 Logee St., Woonsocket, RI 02895.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

5. On or about November 20, 2003 Plaintiff Bernard L. Beauregard and his co-borrower Jean T. Morin obtained a loan from Ameriquest, secured by their residence for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

6.        In connection with the transaction, Plaintiff Beauregard received or signed the following documents:

       1.       A note in the principal amount of $131,250;

       2.       A mortgage;

       3.       A Truth in Lending statement;

       4.       A notice of right to cancel, attached as Exhibit I;

       5.       A One Week Cancellation Period form; attached as Exhibit 2; and

       6.       A HUD-1 Settlement Statement.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

7.        On or about January 4, 2008 Plaintiff Beauregard exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

**ANSWER:**    **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

**Facts Pertaining to Plaintiffs Donald L. and Linda A. Peltier**

8.        Plaintiffs Donald L. and Linda A. Peltier reside at 42-44 Pullen Avenue, Pawtucket, RI 02860.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

9.        On or about May 4, 2005 Plaintiffs Donald L. and Linda A. Peltier obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:**    **Defendant admits that at the time the Plaintiffs entered into their loan, Defendant Ameriquest Mortgage Company was in the business of originating**

**loans secured by mortgages. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

10. In connection with the transaction, Plaintiffs Donald L. and Linda A. Peltier received or signed the following documents:

    1. A note in the principal amount of 271,000;

    2. A mortgage;

    3. A Truth in Lending statement;

    4. Notices of right to cancel, attached as <u>Exhibit 4 and 5</u>;

    5. A One Week Cancellation Period form; attached as <u>Exhibit 6</u>; and

    6. A HUD-1 Settlement Statement.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

11. On or about January 4, 2008 Plaintiffs Donald L. and Linda A. Peltier exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 7</u>.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

## DEFENDANTS

12. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

**ANSWER:** **Defendant admits that Ameriquest Mortgage Company is a corporation and that its main offices are located in Orange, California.**

- 4 -

BN 2212697v1

13. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**ANSWER:** **Defendant admits that at the time the Plaintiffs entered into their loans, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages. Defendant denies the remaining allegations of Paragraph 13.**

14. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

15. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:** **Defendant objects to the term "subprime" as vague. Defendant is without knowledge or information sufficient to form a belief as to the truth of the intended characterization of "subprime." Defendant admits that at the time the Plaintiffs entered into their loans, Defendant Ameriquest Mortgage Company was in the business of originating loans secured by mortgages. Defendant denies the remaining allegations of Paragraph 15.**

16. Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Rhode Island. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

**ANSWER:** **Defendant admits that AMC Mortgage Services, Inc. is a corporation incorporated in a state other than Rhode Island. Defendant objects to the term "affiliate" as vague. Defendant denies the remaining allegations in Paragraph 16. Defendant does not object to service.**

17. Defendant AMC Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:**     **Defendant objects to the term "affiliate" as vague.  Defendant admits that AMC Mortgage Services, Inc. services certain of the loans originated by Ameriquest Mortgage Company.  Defendant denies the remaining allegations in this paragraph.**

18.     Defendant Deutsche Bank National Trust Company, N.A., is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705.  On information and belief, it holds legal title to Plaintiff Bernard L. Beauregard's loan as trustee.  It is joined as a necessary and indispensable party.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

19.     Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Rhode Island.  It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including Plaintiff Bernard L. Beauregard.  It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:**     **Defendant admits that Ameriquest Mortgage Securities, Inc. is a corporation incorporated in a state other than Rhode Island.  Defendant objects to the term "affiliate" as vague.  Defendant denies the remaining allegations in Paragraph 19.**

20.     Defendant General Motors Acceptance Corporation (GMAC) is a foreign corporation with its principal place of business located at 200 Renaissance Center, 482 B12 C82, Detroit, MI 48265.  Upon information and belief that it holds legal title to Plaintiffs Donald L. and Linda A. Peltier's loan originated by Ameriquest.  It is joined as a necessary and indispensable party.

**ANSWER:**     **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and on that basis denies such allegations.**

BN 2212697v1

## COUNT I - TRUTH IN LENDING ACT

21. Plaintiffs incorporate ¶¶ 1-20 as if fully set out herein.

**ANSWER:** **Defendant restates its answers to Paragraphs 1-20 in answer to this paragraph.**

22. Because the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. §226.23. More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section. (15 U.S.C. § 1635(a).)**

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

23. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights. More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> (i) **The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> (ii) **The consumer's right to rescind the transaction.**

      **(iii)**    How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

      **(iv)**    The effects of rescission, as described in paragraph (d) of this section.

      **(v)**    The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)

**ANSWER:** To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.

## DEFECTIVE NATURE OF DISCLOSURES

24. In connection with the Plaintiffs' loans, Ameriquest Mortgage Company failed to provide the required disclosures of the Plaintiffs' right to cancel, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23 for (without limitation) the following reasons:

**ANSWER:** To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.

### Incomplete Notices

25. The Defendant Ameriquest Mortgage failed to deliver to each person entitled to rescind the above referenced loans two copies of a document that *"clearly and conspicuously disclose the borrower's rescission rights"* in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23.

**ANSWER:** The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.

26. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give to the Plaintiffs *"clear and conspicuous"* notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

**ANSWER:** The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.

27. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

**ANSWER:** **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

### One Week" Form

28. The One Week Cancellation Period from provided to the Plaintiffs by the Defendant Ameriquest (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

29. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

30. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**ANSWER:** **The documents speak for themselves; therefore, no answer is required. To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

BN 2212697v1

31.  The provision of two inconsistent and confusing notices to cancel violates the *"clear and conspicuous"* disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

**ANSWER:**  **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

32.  15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

**ANSWER:**  **To the extent this paragraph states conclusions of law, no answer is required. If any answer is required, Defendant denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1.  Plaintiffs' purported causes of action fail to state a claims upon which relief may be granted.

2.  Plaintiffs' claims are barred by the applicable statute of limitations.

3.  Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.

4.  Plaintiffs' claims are barred in whole or in part, on the ground that if any law was violated in any manner whatsoever, such violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

5.  Defendant alleges that at all times relevant to this action Defendant acted within the course and scope of reasonable commercial standards and legitimate business transactions.

6.  Plaintiffs' claims are barred in whole or in part, because Plaintiffs would be unjustly enriched if allowed to recover on the Complaint.

7.  Defendant alleges that no officer, director, or managing agent of Defendant ratified the conduct alleged by Plaintiffs.

BN 2212697v1

8. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

9. Plaintiffs' claims are barred in whole or in part, because Plaintiffs misrepresented their credit, income or other information association with obtaining the loan.

10. Plaintiffs' claims are barred or limited because pursuant to 15 U.S.C. § 1640(c) the violations alleged were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

11. Plaintiffs are not entitled to rescind the mortgage loan under the Truth in Lending Act, or to obtain any statutory damages because all required disclosures and notices were accurately and timely made, and even if the disclosures were inaccurate, the inaccuracies are within the applicable tolerances.

12. Plaintiffs are not entitled to statutory damages, or actual damages for failure to rescind, because no alleged disclosure error is apparent on the face of the disclosure documents.

13. If it should be deemed that Plaintiffs are entitled to rescission, any obligation on the part of the holder of the loan to rescind the mortgage loan at issue in this lawsuit and release the lien on the subject property must be conditioned upon Plaintiffs' reimbursement or other return to the holder of the loan of all funds disbursed on Plaintiffs' behalf in connection with the subject mortgage loan, less any finance charges, pursuant to 15 U.S.C. § 1605(b) and/or other rules of law or equity. Any obligation on the part of the holder of the loan to rescind and to release any lien is conditioned upon Plaintiffs reimbursing or otherwise returning all funds disbursed on their behalf to the holder of the loan in connection with the subject loan, less any finance charges.

14. Plaintiffs' claims under the Truth in Lending Act are barred against AMC Mortgages Services, Inc., as AMC is an alleged services of Plaintiffs' loan and not a creditor or assignee.

15. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.

- 12 -

Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

WHEREFORE, Defendant requests that this Court enter judgment in its favor and against Plaintiffs, award Defendant its costs, and provide such further and additional relief as it deems just and appropriate.

Respectfully submitted,

DATED:  August 26, 2008

By: /s/ Bernard E. LeSage
*Attorneys for AMC Mortgage Services, Inc.*

Bernard E. LeSage, Esq.
Sarah K. Andrus, Esq.
BUCHALTER NEMER, a P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
Telephone: (213) 891-0700
Facsimile: (213) 896-0400

- 13 -

## CERTIFICATE OF SERVICE

    I, Bernard E. LeSage, hereby certify that on this 26th day of August 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.


    By:     /s/  Bernard E. LeSage