# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE AMERIQUEST MORTGAGE CO. MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1715<br><br>Lead Case No. 05-cv-07097<br><br>Centralized before The Honorable Marvin E. Aspen |
| THIS DOCUMENT RELATES TO:<br><br>*Bernard L. Beauregard, et al. v. Ameriquest Mortgage Company, et al.*; Case No. C.A. 08-1859 | |

## DEFENDANT DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE'S, ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, ("Defendant"), by and through its attorneys, answers Plaintiffs BERNARD L. BEAUREGARD, DONALD L. and LINDA A. PELTIER's ("Plaintiffs") Amended Complaint as follows.

## AMENDED COMPLAINT

### INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

**ANSWER:** **Defendant denies that it violated the Truth in Lending Act, 15 U.S.C. §1601 et seq. or Regulation Z, 12 C.F.R. Part 226, or any other State or Federal law. Defendant denies any remaining allegations of paragraph 1.**

- 2 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction), 1332 (diversity jurisdiction) and 1337 (interstate commerce).

**ANSWER:** **Defendant does not dispute subject matter jurisdiction. Defendant denies any remaining allegations of paragraph 2.**

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391(c).

**ANSWER:** **Defendant does not dispute venue. Defendant admits that it is a national banking association with a place of business at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant admits that it has an office in the State of Illinois. Defendant denies any remaining allegations of paragraph 3.**

## PARTIES AND FACTS

### Facts Pertaining to Plaintiff Bernard L. Beauregard

4. Plaintiff Bernard L. Beauregard resides at 1137 Logee St., Woonsocket, RI 02895.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and on that basis denies such allegations.**

5. On or about November 20, 2003 Plaintiff Bernard L. Beauregard and his co-borrower Jean T. Morin obtained a loan from Ameriquest, secured by their residence for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and on that basis denies such allegations.**

6. In connection with the transaction, Plaintiff Beauregard received or signed the following documents:

   1. A note in the principal amount of $131,250;
   2. A mortgage;
   3. A Truth in Lending statement;
   4. A notice of right to cancel, attached as <u>Exhibit 1</u>;
   5. A One Week Cancellation Period form; attached as <u>Exhibit 2</u>; and
   6. A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and on that basis denies such allegations.**

7. On or about January 4, 2008 Plaintiff Beauregard exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 3</u>.

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and on that basis denies such allegations.**

**Facts Pertaining to Plaintiffs Donald L. and Linda A. Peltier**

8. Plaintiffs Donald L. and Linda A. Peltier reside at 42-44 Pullen Avenue, Pawtucket, RI 02860.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and on that basis denies such allegations.**

9. On or about May 4, 2005 Plaintiffs Donald L. and Linda A. Peltier obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and on that basis denies such allegations.**

10. In connection with the transaction, Plaintiffs Donald L. and Linda A. Peltier received or signed the following documents:

    1. A note in the principal amount of 271,000;

    2. A mortgage;

    3. A Truth in Lending statement;

    4. Notices of right to cancel, attached as Exhibit 4 and 5;

    5. A One Week Cancellation Period form; attached as Exhibit 6; and

    6. A HUD-1 Settlement Statement.

**ANSWER:** **The referenced documents speak for themselves; therefore no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and on that basis denies such allegations.**

11. On or about January 4, 2008 Plaintiffs Donald L. and Linda A. Peltier exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 7.

**ANSWER:** **The referenced document speaks for itself, therefore no answer is required. Because this paragraph states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and on that basis denies such allegations.**

## DEFENDANTS

12. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and on that basis denies such allegations.**

13. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and on that basis denies such allegations.**

14. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and on that basis denies such allegations.**

15. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and on that basis denies such allegations.**

16. Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Rhode Island. It is an affiliate of Ameriquest. Its registered agent and office are National Registered Agents, Inc., 222 Jefferson Boulevard, Suite 200, Warwick, RI 02888.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 and on that basis denies such allegations.**

17. Defendant AMC Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 and on that basis denies such allegations.**

18. Defendant Deutsche Bank National Trust Company, N.A., is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. On information and belief, it holds legal title to Plaintiff Bernard L. Beauregard's loan as trustee. It is joined as a necessary and indispensable party.

**ANSWER:** **Defendant admits that it is a national banking association with a place of business located at 1761 East St. Andrew Place, Santa Ana, California 92705. Defendant no longer holds any right, title or interest in the Beauregard loan. Defendant denies any remaining allegations of Paragraph 18.**

19. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Rhode Island. It is the beneficial owner of some loans originated by Ameriquest Mortgage Company, including Plaintiff Bernard L. Beauregard. It is located at 1100 Town & Country Road, Suite 1100, Orange, CA 92868.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 and on that basis denies such allegations.**

20. Defendant General Motors Acceptance Corporation (GMAC) is a foreign corporation with its principal place of business located at 200 Renaissance Center, 482 B12 C82, Detroit, MI 48265. Upon information and belief that it holds legal title to Plaintiffs Donald L. and Linda A. Peltier's loan originated by Ameriquest. It is joined as a necessary and indispensable party.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 and on that basis denies such allegations.**

## COUNT I - TRUTH IN LENDING ACT

21. Plaintiffs incorporate ¶¶ 1-20 as if fully set out herein.

**ANSWER:** **Defendant incorporates its answers to paragraphs 1-20 in response to this paragraph.**

22. Because the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. §226.23.  More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section.  The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.  (15 U.S.C. § 1635(a).)**

**<u>ANSWER</u>:** Because paragraph 22 states legal conclusions, no answer is required.  If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

23. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements.  The regulation restates the statutory rescission right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that "clearly and conspicuously disclose" 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights.  More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)).  The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i)     The retention or acquisition of a security interest in the consumer's principal dwelling.**
>
> **(ii)    The consumer's right to rescind the transaction.**
>
> **(iii)   How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
>
> **(iv)   The effects of rescission, as described in paragraph (d) of this section.**

BN 2238614v1

  **(v)**  **The date the rescission period expires. (12 C.F.R. § 226.23(b)(1).)**

**ANSWER:** **Because paragraph 23 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

### DEFECTIVE NATURE OF DISCLOSURES

24. In connection with the Plaintiffs' loans, Ameriquest Mortgage Company failed to provide the required disclosures of the Plaintiffs' right to cancel, in violation of 15 U.S.C. § 1635 and 12 C.F.R. §226.23 for (without limitation) the following reasons:

**ANSWER:** **Because paragraph 24 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

#### Incomplete Notices

25. The Defendant Ameriquest Mortgage failed to deliver to each person entitled to rescind the above referenced loans two copies of a document that *"clearly and conspicuously disclose the borrower's rescission rights"* in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23.

**ANSWER:** **Because paragraph 25 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.**

26. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give to the Plaintiffs *"clear and conspicuous"* notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

**ANSWER:** **Because paragraph 26 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

27. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

BN 2238614v1

**ANSWER:** Because paragraph 27 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

### One Week" Form

28. The One Week Cancellation Period from provided to the Plaintiffs by the Defendant Ameriquest (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.

**ANSWER:** Because paragraph 28 states legal conclusions, no answer is required. Because the referenced documents speak for themselves, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.

29. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time.

**ANSWER:** Because paragraph 29 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to truth of the allegations of Paragraph 25 and on that basis denies such allegations.

30. Further, the "one week" cancellation notice is misleading, as the period given is actually only six days long. Ameriquest's own personnel found this confusing, and were issued a "job aid" at the beginning of each month listing the expiration dates for the official and "one week" cancellation notices for loans closed each day during the month.

**ANSWER:** Because paragraph 30 states legal conclusions, no answer is required. If an answer is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 and on that basis denies such allegations.

- 9 -

31. The provision of two inconsistent and confusing notices to cancel violates the *"clear and conspicuous"* disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23.

**ANSWER:** **Because paragraph 31 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

32. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

**ANSWER:** **Because paragraph 32 states legal conclusions, no answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants as follows:

1. A declaration that Plaintiffs are entitled to rescind;
2. Rescission of the loans;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

**ANSWER:** **No answer is required. If an answer is required, Defendant denies any wrongdoing and denies any liability to Plaintiffs.**

## AFFIRMATIVE DEFENSES

1. Plaintiffs' purported cause of action fails to state a claim upon which relief may be granted.
2. Plaintiffs' claims are barred by the applicable statutes of limitation.
3. Plaintiffs' claims are barred in whole or in part under the doctrine of estoppel, laches and/or waiver.
4. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.
5. Plaintiffs' claims are barred by the applicable statute of frauds.

- 10 -

6.  Plaintiffs' claims are barred in whole or in part because they have failed to mitigate their damages.

7.  Plaintiffs' claims are barred, in whole or in part, because each and every purported cause of action is uncertain.

8.  Plaintiffs' claims are barred, in whole or in part, because any acts or failure to act on the part of Defendant were excused by the actions of Plaintiffs or others.

9.  Plaintiffs' claims are barred in whole or in part, on the ground that if Plaintiffs were damaged or a statute was violated in any manner whatsoever, such damage or violation, if any, was a direct and proximate result of the intervening and superseding actions on the part of other parties and/or persons or entities and not Defendant, and any such intervening or superseding action of said parties and/or persons or entities bars Plaintiffs' recovery.

10. Plaintiffs, by their knowledge, statements and/or conduct, have consented and/or acquiesced to the alleged acts and/or omissions of Defendant described in the Complaint.

11. As to each cause of action, Defendant is entitled to an offset.

12. Plaintiffs' claims are barred in whole or in part, because Defendant has committed no act or omission causing any damage to Plaintiffs.

13. Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly and/or implicitly authorized or ratified the transactions at issue.

14. Plaintiffs' claims are barred in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover on the Complaint.15.    Plaintiffs' claims are barred in whole or in part, because they are a member of a prior settlement or class that released some or all claims alleged by Plaintiffs.

16. Defendant alleges that it presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant reserves its right to file an amended answer asserting additional defenses, and/or to file a counter or cross-complaint in the event that discovery indicates that either is appropriate.

## **PRAYER**

Defendant prays this court to:

1. Dismiss plaintiffs' Complaint;

2. Enter judgment for Defendant and against Plaintiffs in this action;

3. Award Defendant its costs of suit; and

4. Grant Defendant any and all further and additional relief as it deems just and appropriate.

                                                Respectfully submitted,

DATED: September 4, 2008             By: /s/ Bernard E. LeSage
                                                *Attorneys for Deutsche Bank National Trust, N.A., as Trustee*

                                                Bernard E. LeSage, Esq.
                                                Sarah K. Andrus, Esq.
                                                BUCHALTER NEMER, a P.C.
                                                1000 Wilshire Boulevard, Suite 1500
                                                Los Angeles, CA 90017-2457
                                                Telephone: (213) 891-0700
                                                Facsimile: (213) 896-0400

- 13 -

## CERTIFICATE OF SERVICE

I, Bernard E. LeSage, hereby certify that on this 4th day of September 2008, a true and correct copy of the foregoing document was filed electronically.  Notice of this filing will be sent by electronic mail to all counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: _____/s/  Bernard E. LeSage_____